UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| YOLANDA GONZALEZ<br><br>Plaintiff,<br><br>v.<br><br>HILLARY R. CLINTON, SECRETARY<br>United States Department of State<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 09-1026 (RLW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## STIPULATION OF SETTLEMENT

Plaintiff, Yolanda Gonzalez, and defendant, the Secretary of State, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed with prejudice on the following terms:

1.  <u>Settlement Payment</u>. Defendant shall pay plaintiff the total sum of forty-two thousand dollars ($42,000.00). This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 3 hereof. Plaintiff and plaintiff's counsel shall co-operate with defendant to insure that all documentation required to process this payment is complete and accurate. This payment is inclusive of plaintiff's attorneys' fees, costs, and other litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and plaintiff's counsel shall be responsible for the distribution of the payment.

1

2.      <u>Older Workers Benefit Protection Act Compliance</u>. Plaintiff acknowledges that she has been given at least twenty-one (21) calendar days within which to consider this Settlement, and that the waiver of her rights and claims hereunder is a knowing and voluntary waiver. The plaintiff may revoke her agreement to this Stipulation during the seven (7) calendar day period following her execution hereof. Such revocation must be in writing and delivered to defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation. Plaintiff is advised to consult with an attorney and has consulted with her attorney prior to signing this Stipulation. By their signature below, plaintiff's counsel represents that: (i) he has served as plaintiff's attorney with respect to this matter; (ii) he has examined this Stipulation and has discussed its terms with plaintiff; and (iii) he believes that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement. If the plaintiff elects to revoke this agreement under this paragraph, the entire agreement shall be null and void.

3.      <u>Dismissal with Prejudice</u>. Unless plaintiff timely exercises her right to rescind this Stipulation as provided in Paragraph 2 hereof, defendant's counsel may file a stipulation of dismissal with prejudice with the Court at any time after the expiration of seven (7) calendar days after the date on which this Stipulation is fully executed, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

4.      <u>Waiver of Provision Limiting EFM Status</u>.

(a)     Defendant represents that, through delegated authority, effective upon the execution by all parties of this Stipulation, that Defendant shall execute a waiver indicating that the provisions of 3 FAM 8212 will be waived for plaintiff to the extent that they would prohibit

plaintiff from taking a family member appointment on the ground that her spouse is not "a Foreign or Civil Service employee or uniformed service member." Accordingly, the wavier will indicate that plaintiff is to be treated as an appointment-eligible family member for the purposes of being eligible to compete for an appointment under Section 311 of the Foreign Service Act for so long as plaintiff's spouse is a personal services contractor for the Department of State overseas. Further, if selected for a position, plaintiff will be treated, pursuant to Department of State regulations, as an eligible family member on the same term as spouses of Foreign or Civil Service employees or uniformed service members. In the event that plaintiff is selected for a position and obtains necessary clearances, the Foreign Liaison Office (FLO) will assist plaintiff in procuring the necessary documentation (including, but not limited to, passport and visa) for entrance into any country to which plaintiff's spouse is assigned on the same basis and to the same extent as other appointment-eligible family members are provided such assistance.

(b) In providing for the waiver set forth in (a), defendant does not guarantee that plaintiff will be selected for a position in Islamabad or elsewhere. Her selection for any position will be based on her qualifications in comparison with other applicants. In addition, Plaintiff must complete all required application forms and meet all other employment requirements, including but not limited to, the necessary security clearances, a medical clearance, and a suitability review.

(c) Defendant waives only its only regulation with regard to Plaintiff's eligibility for appointment under Section 311 of the Foreign Service Act. The stipulation and its accompanying waiver have no binding effect on the Office of Personnel Management (OPM) and Plaintiff must meet any OPM requirements regarding employees of the United States Government.

5.  Release. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by plaintiff in the above-captioned civil action including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein that relate to plaintiff's employment at the Department of State. Plaintiff hereby fully and forever releases and discharges the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which she has executed this Stipulation that relates to the above captioned civil action or any other employment-related matter at the Department of State, including without limitation any rights or claims under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect. In connection with this release, plaintiff acknowledges that she is aware that she may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which they now know with respect to the rights and claims released herein. Nevertheless, plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that

plaintiff and defendant agree that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date plaintiff signs this Stipulation which may affect plaintiff's future compensation, or (ii) plaintiff's right or entitlement to any retirement, pension, health, or similar employee benefits that are available generally to present and former Agency employees or available specifically to plaintiff based on their federal service, including without limitation plaintiff's services as a foreign service officer.

6.  No Assignment. Plaintiff represents and warrants that she is the sole lawful owner of all the rights and claims which she has settled and released herein, and that she has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, and defend the defendant, the Agency, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

7.  No Admission of Liability. This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that defendant, the Agency, or any of the Agency's present or former employees or agents violated any of plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or

otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

8.  Tax Consequences. Plaintiff acknowledges that she has not relied on any representations by defendant or defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of defendant hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

9.  Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith. This Stipulation will not be filed with the Court. Any dismissal stipulation filed with the Court will not contain the settlement amount, and the settlement amount shall not be disclosed in the public record except as required by law.

10. Amendments. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

11. Construction. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is

construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

12.     Headings.  The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

13.     Severability.  The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

14.     Further Assurances.  Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

15.     Right to Cure.  If either plaintiff or defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach in writing.  The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

16.     Notices.  Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

If to plaintiff:               Xxx

If to defendant:              Henry Azar
                              Attorney-Advisor
                              United States Department of State

             2201 C Street, NW
             Washington, DC 20520

with copy to:       Chief, Civil Division
             555 Fourth Street, N.W.
             Washington, DC 20530

17. <u>Execution</u>. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

18. <u>Governing Law</u>. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

19. <u>Disputes.</u> Any dispute regarding the provisions of this agreement shall be heard be brought before the United States District Court for District of Columbia.

20. <u>Binding Effect</u>. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 2 hereof has expired. Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

_[signature]_
YOLANDA GONZALES
Plaintiff

Date: 1-28-12

_[signature]_
DAVID ROSE

Date: Jan. 31, 2012

Counsel for Plaintiff

Date: _____

RONALD C. MACHEN JR.,
D.C. Bar # 447889
United States Attorney

RUDOLPH CONTRERAS,
D.C. BAR # 434122
Chief, Civil Division

By: _[signature]_
CARL ROSS
D. C. BAR # 492441
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205
carl.ross@usdoj.gov

Counsel for Defendant

Date: 2-2-2012

SO ORDERED on this 3rd day of February, 2012

_[signature] Robert L. Wilkins_
UNITED STATES DISTRICT JUDGE

9